UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES BRISTOW and LATEEFA STARKS,<br><br>　　　　　Plaintiffs,<br><br>v.<br><br>YUDEL OMAR SANCHEZ; LVMPD OFFICER D. SUTTON P#15153; LVMPD DETECTIVE C. REICH P#9357; CLARK COUNTY; KRISTINA WILDEVELD, ESQ.; KENNETH FRIZZELL, III, ESQ.; HON. JUSTICE OF THE PEACE DIANA L. SULLIVAN; GREGORY DENUE, JUDGE PRO TEM; DOES I THROUGH X INCLUSIVE AND ROE BUSINESS ENTITIES I AND X INCLUSIVE,<br><br>　　　　　Defendants. | Case No. 2:22-cv-01092-APG-EJY<br><br>ORDER GRANTING MOTION TO DISMISS<br><br>[ECF No. 16] |

　　　　Plaintiffs James Bristow and Lateefa Starks filed this lawsuit *pro se*. They have not named as a defendant the United States or any officer or agency of the United States. They have not asserted any claims against a federal defendant. Nevertheless, they sent a summons and a copy of their complaint to the Attorney General of the United States and the United States Attorney's Office for the District of Nevada. Confused by this, and out of an abundance of caution, the United States moves to dismiss any claims against it. ECF No. 16. The plaintiffs respond by arguing that their "asserted claim is for the UNITED STATES to intervene in this malicious prosecution [against them], enjoin [] the STATE, its employees, and agencies . . . and stop its employees from the continuation of this malicious prosecution . . . ." ECF No. 18 at 8. They further state that "the claims asserted are grounds for notifying the United States of violations for which the Plaintiffs' request relief from the United States." *Id*.

Because the plaintiffs have not named as a defendant any federal officer or agency, and because they have not pleaded any claims against any federal defendant, the plaintiffs have failed to state a claim against the United States upon which relief can be granted. *See* Fed. R. Civ. P. 8(a), 12(b)(6). I therefore grant the United States' motion and dismiss any claims that are meant to be asserted against the United States.[1] So the plaintiffs are aware, this order has no effect on any claims against any other defendant in this case. Because it is possible that the plaintiffs might be able to assert valid claims against the United States, I grant the motion without prejudice to the plaintiffs' ability to file an amended complaint if sufficient facts exist to do so.[2] If they wish to amend their complaint to bring claims against the United States or its officers or agencies, the plaintiffs must file their amended complaint by November 18, 2022.

I THEREFORE ORDER that the United States' motion to dismiss **(ECF No. 16) is GRANTED**. Any claims against the United States, its agencies, or its officers are hereby dismissed without prejudice. The plaintiffs may amend their complaint to bring claims against the United States or its officers or agencies by November 18, 2022.

DATED THIS 18th day of October, 2022.

_____
UNITED STATES DISTRICT JUDGE

---

[1] The United States also argues that the plaintiffs failed to exhaust their administrative remedies under the Federal Tort Claims Act and that this court has no jurisdiction over the plaintiffs' claim for breach of contract, to the extent it is pleaded against the United States. While these arguments seem meritorious, I do not need to reach them because I am dismissing the United States from this case on other grounds.

[2] The plaintiffs should pay attention to the arguments in the United States' motion and be sure they can overcome them before they file an amended complaint, because the United States likely will assert those arguments again.