UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES BRISTOW and LATEEFA STARKS,<br><br>Plaintiffs,<br><br>v.<br><br>YUDEL OMAR SANCHEZ; LVMPD OFFICER D. SUTTON P#15153; LVMPD DETECTIVE C. REICH P#9357; CLARK COUNTY; KRISTINA WILDEVELD, ESQ.; KENNETH FRIZZELL, III, ESQ.; HON. JUSTICE OF THE PEACE DIANA L. SULLIVAN; GREGORY DENUE, JUDGE PRO TEM,<br><br>Defendants. | Case No. 2:22-cv-01092-APG-EJY<br><br>**Order** |

Plaintiffs James Bristow and Lateefa Starks filed this lawsuit on July 11, 2022. ECF No. 1. Federal Rule of Civil Procedure 4(m) requires the plaintiffs to serve process on the defendants within 90 days of filing the complaint, which would have been October 10, 2022. The plaintiffs filed proofs of service showing that they attempted to serve the defendants by certified mail. ECF No. 4. But that is not a proper method of service under Federal Rules of Civil Procedure 4(c), (e), and (j). Indeed, two of the defendants have filed notices of improper service. ECF Nos. 12, 13. Thus, it appears that the plaintiffs have not timely or properly served the defendants. Under Rule 4(m), I must dismiss this lawsuit without prejudice or extend the time for service if the plaintiffs show good cause for their failure to timely serve. Consequently, I ordered the plaintiffs to show cause why this case should not be dismissed for their failure to timely and properly serve the defendants. ECF No. 20.

/ / / /

/ / / /

The plaintiffs respond that service was proper because the summons and complaint were delivered by a postal employee who is a non-party over the age of 18. Alternatively, the plaintiffs request additional time to serve the defendants.

"[S]ervice of process is the means by which a court asserts its jurisdiction over the person." *S.E.C. v. Ross*, 504 F.3d 1130, 1138 (9th Cir. 2007). If proper service of process is not accomplished, I lack the power to render a judgment against a defendant. *Id.*

Federal Rule of Civil Procedure 4(c)(1) requires a plaintiff to serve the defendant with a summons and a copy of the complaint. Under Rule 4(m), service must be accomplished within 90 days after the complaint was filed. If proper service is not timely made, I "must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

The plaintiffs sue numerous individuals (including government officials for acts done in performance of their official duties), and Clark County.[1] Rule 4(e) provides that an individual can be served by following the law governing service of process "in the state where the district court is located or where service is made," or by personal delivery, by leaving process at the individual's dwelling with a person of suitable age and discretion residing there, or by delivering process to an agent "authorized by appointment or by law to receive service of process." Nevada rules for service on an individual mirror those of Rule 4(e)(2). Nev. R. Civ. P. 4.2(a)(1)-(3).

Rule 4(j)(2) provides that a "state-created governmental organization that is subject to suit must be served by: (A) delivering a copy of the summons and of the complaint to its chief executive officer; or (B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Under Nevada law, a county "must be

---

[1] I previously dismissed the United States for failure to state a claim. ECF No. 19.

served by delivering a copy of the summons and complaint to the presiding officer of the governing body of the political subdivision, or an agent designated by the presiding officer to receive service of process." Nev. R. Civ. P. 4.2(d)(3).  And "[a]ny current or former public officer or employee of any county, city, town, or other political subdivision of the State, or any public entity of such a political subdivision, who is sued in his or her official capacity or his or her individual capacity for an act or omission relating to his or her public duties or employment must be served by delivering a copy of the summons and complaint to the current or former public officer or employee, or an agent designated by him or her to receive service of process." Nev. R. Civ. P. 4.2(d)(4).

Both Nevada and federal law require personal service, "which means hand-delivery to the individual, or to the individual's authorized agent, by someone who is at least 18 years old and not a party to the litigation." *Johnson v. Clark Cnty. Sch. Dist.*, No. 2:14-cv-02213-JAD-VCF, 2016 WL 3156059, at *1 (D. Nev. June 3, 2016), *aff'd*, 690 F. App'x 943 (9th Cir. 2017). Attempts to serve individual defendants by certified mail are deficient under both federal and Nevada law. *See id.*; *Vaughn v. Nash*, No. 2:15-cv-02137-APG-PAL, 2018 WL 6055552, at *3 (D. Nev. Oct. 29, 2018), *report and recommendation adopted*, No. 2:15-cv-02137-APG-PAL, 2018 WL 6046168 (D. Nev. Nov. 19, 2018).

Because the plaintiffs have attempted to serve the defendants only via certified mail, none of the remaining defendants was properly served within 90 days of the complaint being filed. Even if certified mail could suffice, the plaintiffs do not provide signed certified returns and there is no evidence that anyone who signed the certified return receipts is qualified under the Rules to accept service on behalf of the defendants.  However, I grant the plaintiffs additional time under Rule 4(m) to properly serve the defendants.  The plaintiffs have until December 30,

2022 to properly serve each of the remaining defendants. Failure to do so will result in dismissal without prejudice of the plaintiffs' claims against any unserved defendant.

Finally, I note that only one of the plaintiffs signed the response to the order to show cause. ECF No. 22 at 7. The plaintiffs each may proceed pro se, but one may not represent the other because a pro se litigant has no authority to act as an attorney for others. *See C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987). Thus, all filings that are meant to be filed on behalf of both plaintiffs must be signed by both.

I THEREFORE ORDER that the plaintiffs have until **December 30, 2022** to properly serve each of the remaining defendants. Failure to do so will result in dismissal without prejudice of the plaintiffs' claims against any unserved defendant.

I FURTHER ORDER that the plaintiffs' motion for summary judgment **(ECF No. 5) is DENIED as premature**.

DATED THIS 1st day of November, 2022.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE