UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

JAMES BRISTOW and LATEEFA STARKS,

                Plaintiffs,

v.

YUDEL OMAR SANCHEZ, et al.,

                Defendants.

Case No. 2:22-cv-01092-APG-EJY

**Order**

[ECF Nos. 34, 36, 49, 60, 61]

Plaintiffs James Bristow and Lateefa Starks filed this lawsuit in relation to criminal charges Bristow faced after an altercation with defendant Yudel Omar Sanchez. They sue Sanchez; the Las Vegas Metropolitan Police Department (LVMPD) employees who investigated the incident (police officer Sutton and detective Connor Reich); various attorneys who represented Bristow (Kristina Wildeveld, Caitlyn McAmis, Leo Flangas, Kenneth Frizzell, III, and Katherine Sitsis); the prosecutors (Julia Barker and Steve Waters); and the presiding judges (Diana Sullivan and Gregory Denue). The plaintiffs assert claims for defamation, breach of contract, negligence, "judicial bias and prejudice," and intentional infliction of emotional distress. ECF No. 1.

Barker, Reich, and Sullivan move to dismiss, arguing that this court lacks subject matter jurisdiction because the plaintiffs assert only state law claims and there is no diversity between the parties. Each of them also raises other arguments as to why the complaint should be dismissed as to them. Barker argues that the complaint fails to state a claim against her for a variety of reasons, including because she is entitled to prosecutorial immunity. Reich contends that the complaint does not comply with Federal Rule of Civil Procedure 8, that parties and claims are improperly joined, and that he was not properly served under Rule 4. Reich also

argues that to the extent any claims survive dismissal, the case should be stayed pending resolution of Bristow's criminal case.  Sullivan contends that she was not properly served, the complaint fails to state a claim against her, and she is entitled to judicial immunity. Additionally, Barker and Sullivan move to strike a notice of manual filing of exhibits that the plaintiffs filed.

Flangas and Frizzell also move to dismiss, arguing they were not properly served. Additionally, they contend that the complaint fails to state a claim against them.

The plaintiffs respond that this court has federal question jurisdiction because the complaint alleges that government officials violated their federal rights.  They argue that the complaint adequately alleges claims against all defendants, that all claims and parties were properly joined and served, and that this case should not be stayed.  Rather, they assert I should enjoin the state court criminal proceedings (although it appears those proceedings have now concluded).  The plaintiffs contend that Barker is not entitled to immunity because she acted as an investigator.  They assert that Sullivan is not entitled to judicial immunity because Sullivan has delayed the proceedings so that her rulings cannot be reviewed on appeal.

## I.  MOTION TO STRIKE (ECF No. 60)

Defendants Barker and Sullivan move to strike exhibits manually filed by the plaintiffs, arguing the filing is procedurally improper.  The plaintiffs respond that they filed the documents to show this court that the criminal charges in state court have been dismissed.  I deny the motion to strike, but I advise the plaintiffs that in the future, if they wish to supplement a prior filing, they must file a motion to do so.  I refer the plaintiffs to this court's Local Rules (LR), which can be accessed on the court's website, www.nvd.uscourts.gov, and specifically to LR 7-2(g), which

provides that a "party may not file supplemental pleadings, briefs, authorities, or evidence without leave of court granted for good cause."

## II.  SUBJECT MATTER JURISDICTION

Federal district courts are courts of limited jurisdiction, deriving their power to hear cases from specific congressional grants of jurisdiction. *United States v. Sumner*, 226 F.3d 1005, 1009 (9th Cir. 2000).  Under 28 U.S.C. § 1332(a), federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different States."  Diversity jurisdiction requires complete diversity, meaning the plaintiffs cannot be a citizen of the same state as any defendant. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005).  Diversity jurisdiction does not exist in this case because the plaintiffs and at least some of the defendants are Nevada citizens.

Under 28 U.S.C. § 1331, I have jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States."  The complaint asserts only state law claims, so I also lack federal question jurisdiction.  The plaintiffs contend that they have alleged various government officials violated their constitutional rights.  They point to two paragraphs in their complaint where (1) they allege that the prosecution and Bristow's own attorneys "were working in collusion with each other to deprive [Bristow] of [his] due process rights and violations of state and federal law," and (2) they seek "a declaration that Defendants engaged in a conspiracy against [Bristow] and violated his federal constitutional rights." ECF No. 1 at 18, 34.  However, such conclusory allegations do not give each of the defendants fair notice of the claims against them or the allegations on which those claims rest.

But because it is possible that the plaintiffs could plausibly allege federal claims, I grant them leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (quotation omitted)).  To assist the pro se plaintiffs in crafting an amended complaint, I advise them that their amended complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction," "(2) a short and plain statement of the claim showing that the pleader is entitled to relief," and "(3) a demand for the relief sought." Fed. R. Civ. P. 8(a). The amended complaint must be a complete document in and of itself and will entirely supersede the original complaint.  Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.  The plaintiffs should support each claim with factual allegations because all complaints "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

When claims are alleged by multiple plaintiffs against multiple defendants, the complaint should clearly indicate which claims apply to which plaintiff and defendant. *See McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996).  The plaintiffs should identify each defendant and support each claim with factual allegations about each defendant's actions, including identifying what constitutional right they believe each defendant violated if they are asserting constitutional claims.  Where multiple claims are alleged, the complaint should identify which factual allegations give rise to each particular claim against each defendant.  The amended complaint should set forth the claims in short and plain terms, simply, concisely, and directly.  Thus, the amended complaint should not include lengthy discussion of matters that are not relevant to the

plaintiffs' claims in this case.  Additionally, the plaintiffs should avoid run-on, stream-of-consciousness sentences.

Because I am granting the plaintiffs leave to amend, I need not address the defendants' arguments that the current complaint fails to state claims against them.  However, I encourage the plaintiffs to review the various motions in crafting an amended complaint.

I address below those arguments the moving defendants have raised that would make amendment futile as to them or that involve the question of proper service.

**III.  BARKER'S MOTION TO DISMISS (ECF No. 34)**

Barker argues that even if the court has subject matter jurisdiction, she is entitled to absolute prosecutorial immunity on all the plaintiffs' claims.  She argues that although it is unclear from the complaint, it appears the claims against her are based on her relying on false evidence to amend the criminal complaint from a misdemeanor to a felony and remarks she made about Bristow having committed a felony battery.  She asserts that these actions fall within her prosecutorial role, and she therefore is entitled to absolute immunity, even for acts done in bad faith.

The plaintiffs respond that Barker stepped out of her prosecutorial role and acted as an investigator when she contacted Sanchez, who had not been cooperating with the police, and when she obtained Sanchez's medical records.  They also assert that Barker enhanced the criminal complaint to a felony even though Sanchez's medical documentation did not support that he had suffered substantial bodily harm, and that she did so in retaliation for Bristow not accepting an earlier plea deal.  The plaintiffs contend that Barker made false statements (1) during a phone call with Bristow's counsel when she stated that Bristow could not claim self-defense because he punched Sanchez in the mouth and (2) in the amended criminal complaint by

5

alleging that Sanchez suffered substantial bodily injury.  The plaintiffs contend these statements were not made in good faith because they were contrary to the evidence in Barker's possession. They also argue that Barker engaged in malicious prosecution and that the criminal proceedings have been unduly delayed.

Under both Nevada and federal law, prosecutors are absolutely immune from suits "that arise from their performance of prosecutorial functions, even if the acts in question were committed in bad faith." *Patterson v. Van Arsdel*, 883 F.3d 826, 829-30 (9th Cir. 2018); *see also Washoe Cnty. ex rel. Off. of Dist. Atty., Nonsupport Div. v. Second Jud. Dist. Ct. of State of Nev. In & For Washoe Cnty.*, 652 P.2d 1175, 1176 (Nev. 1982) (per curiam) ("Under the doctrine of common law immunity, it is settled that a district attorney is immune from damages for his actions and conduct arising from the performance of his criminal prosecutorial function.") (citing *Imbler v. Pachtman*, 424 U.S. 409 (1976)).  "Without the promise of immunity from suit, a prosecutor would be distracted from his duties and timid in pursuing prosecutions rather than exercising the independent judgment and discretion that his office requires." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 912 (9th Cir. 2012) (en banc).

Courts "take a functional approach when determining whether a given action is protected by prosecutorial immunity." *Patterson*, 883 F.3d at 830.  Immunity thus "flows from the nature of the function performed, not the identity of the actor who performed it." *Id.* (quotation omitted).  Consequently, "acts of advocacy . . . are entitled to absolute immunity, [but] administrative and police-type investigative acts . . . are not." *Id.* (simplified).  "To qualify as advocacy, an act must be intimately associated with the judicial phase of the criminal process," and includes conduct such as initiating and prosecuting a case, "appearing at a probable cause hearing to support an application for a search warrant," and "preparing and filing a motion for an

arrest warrant." *Id.* (simplified); *see also Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005) ("[A] prosecutor enjoys absolute immunity from a suit alleging that he maliciously initiated a prosecution, used perjured testimony at trial, or suppressed material evidence at trial.").

"When a prosecutor steps outside of the advocate's role, his or her conduct is protected only to the extent that any other individual would be protected performing the same function." *Patterson*, 883 F.3d at 830 (quotation omitted).  Under federal law, prosecutors thus may be entitled to "qualified, rather than absolute, immunity when they perform activities outside their core role as courtroom advocates." *Id.*  The person "seeking absolute immunity bears the burden of showing that such immunity is essential for the function in question." *Id.*

**A.  Acts of Advocacy**

Almost all the complaint's allegations are actions Barker took in her prosecutorial role, including deciding what charges to bring or whether to continue the prosecution, evaluating witness credibility and evidence, and drafting the charging document. *See Botello v. Gammick*, 413 F.3d 971, 976 (9th Cir. 2005) (stating that "it is well established that a prosecutor has absolute immunity for the decision to prosecute a particular case," and for her "professional evaluation of a witness . . . even if that judgment is harsh, unfair or clouded by personal animus" (quotation omitted)); *Morley v. Walker*, 175 F.3d 756, 760 (9th Cir. 1999) (stating that a prosecutor's failure to dismiss charges after learning of new information is protected by absolute immunity).  Consequently, Barker's alleged acts in charging Bristow with a felony for causing substantial bodily harm and doing so based on insufficient or false evidence are protected by absolute immunity.  Although not alleged in the complaint, so would Barker's alleged statement

to Wildeveld that Bristow punched Sanchez.  I therefore deny the plaintiffs leave to reassert these allegations against Barker in the amended complaint.

**B. Investigative Acts**

The only arguably investigative step Barker allegedly took was obtaining Sanchez's cooperation and medical documentation after Bristow had already been charged.  "[E]valuating evidence and interviewing witnesses in preparation for trial is advocacy," even though interviewing witnesses in trial preparation "may be investigatory in nature." *Genzler*, 410 F.3d at 638 (quotation omitted).  "The question is whether a prosecutor's investigation is of the type normally done by police, in which case prosecutors enjoy only qualified immunity, or whether an investigation is bound up with the judicial process, thus affording prosecutors the heightened protection of absolute immunity." *Id.*  "A prosecutor gathering evidence is more likely to be performing a quasi-judicial advocacy function when the prosecutor is organizing, evaluating, and marshaling that evidence in preparation for a pending trial, in contrast to the police-like activity of acquiring evidence which might be used in a prosecution." *Id.* at 639 (simplified).  The timing of when the evidence was gathered is relevant, but not determinative, "in determining how closely connected that conduct is to the official's core advocacy function in the judicial process." *Id.*  Instead, the "focus" is "on whether the character of the meetings was more in the nature of quasi-judicial advocacy or police-type investigative work." *Id.* at 640.

Because it is unclear from the complaint's allegations how or in what context Barker questioned Sanchez and obtained documentation, it is possible that the alleged acts were investigative and not entitled to absolute immunity.  I therefore grant the plaintiffs leave to reassert their claim against Barker in an amended complaint limited to the allegations that she engaged in investigative acts, if facts exist to do so.

1  **IV.  REICH'S MOTION TO DISMISS (ECF No. 36)**

2      **A.  Service**

3          Reich contends he has not been properly served with the signed version of the complaint

4  plus all attachments.  He also contends that the caption on the complaint incorrectly identified

5  the court as the Eighth Judicial District in state court.  The plaintiffs respond that even if the

6  served complaint did not have the case number on it, the summons did; the complaint was signed

7  when the complaint was filed so they did not have a copy of the signed version to serve; and they

8  were unaware that the exhibits would be filed as part of the complaint, so they did not serve

9  Reich with those.  They agree that the caption was incorrect, but they assert they have since

10  identified the correct court on other filings.  They contend that Reich has had access to all

11  documents through the electronic filing system, so they believe service has been accomplished,

12  but they request additional time to serve Reich if needed.

13          "A federal court is without personal jurisdiction over a defendant unless the defendant

14  has been served in accordance with Fed. R. Civ. P. 4." *Crowley v. Bannister*, 734 F.3d 967, 974-

15  75 (9th Cir. 2013) (quotation omitted).  Service of an incorrect version of the complaint does not

16  comply with Rule 4. *See W. Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1529 (9th

17  Cir. 1990) (holding that service of an "incomplete draft complaint which was seven pages shorter

18  than the complaint filed" was not proper).  However, I grant the plaintiffs additional time to

19  properly serve Reich with a summons and the signed version of the complaint with the case

20  number and all exhibits. *See* Fed. R. Civ. P. 4(m).  The plaintiffs need not amend the caption of

21  the complaint to reflect that it is filed in this court.  The summons identifies the correct court and

22  there is no confusion that the action is pending here, not in the Eighth Judicial District.  Thus, the

23

1  plaintiffs should serve Reich with a summons, the exact version of the signed complaint with all

2  exhibits that is filed at ECF No. 1, and the amended complaint.

3      **B.  Stay**

4          Reich also requests this case be stayed pending resolution of Bristow's criminal case.

5  That case apparently has concluded. ECF No. 59 at 3.  This request is moot.  I remind Reich that

6  in the future, if he is requesting relief such as staying the case, he must file a separate motion.

7  *See* LR IC 2-2(b).

8      **C.  Joinder**

9          Reich contends the claims and parties are improperly joined.  The plaintiffs respond that

10  the claims against all defendants arise out of the same series of transactions or occurrences

11  related to the incident with Sanchez and the ensuing criminal proceedings.

12          Under Federal Rule of Civil Procedure 20(a), claims may be joined against multiple

13  defendants in one action if (1) the plaintiffs assert a "right to relief . . . arising out of the same

14  transaction, occurrence, or series of transactions or occurrences," and (2) some "question of law

15  or fact common to all defendants will arise in the action."  Even if these requirements are

16  satisfied, I "must examine whether permissive joinder would comport with the principles of

17  fundamental fairness or would result in prejudice to either side." *Visendi v. Bank of Am., N.A.*,

18  733 F.3d 863, 870 (9th Cir. 2013) (quotation omitted).

19          In the complaint, the plaintiffs assert a right to relief arising out of the same occurrence or

20  series of occurrences.  All the claims arise from the incident with Sanchez and the subsequent

21  criminal investigation, charges, and prosecution.  Additionally, their claims share common fact

22  questions, such as whether the videos show Sanchez, not Bristow, as the aggressor.  Reich has

23  not identified any prejudice from the joinder of claims and no other defendant has objected.

1    Efficiency and avoidance of inconsistent results weigh in favor of resolving in one action the

2    facts regarding the subject incident and its aftermath.  I therefore grant the plaintiffs leave to join

3    their claims against the defendants in the amended complaint.

4    **V.  SULLIVAN'S MOTION TO DISMISS (ECF No. 49)**

5          Sullivan contends that she is entitled to absolute judicial immunity because the claims

6    against her are based on acts she took in her capacity as a judge in Bristow's criminal case.  The

7    plaintiffs respond that Sullivan is not entitled to immunity because she has improperly delayed

8    Bristow's ability to appeal her rulings.

9          State and federal law provide absolute immunity from suit to judges performing judicial

10   acts, even where the judge is accused of making grave errors, exceeding her authority, or acting

11   maliciously or corruptly. *Stump v. Sparkman*, 435 U.S. 349, 357, 359 (1978); *State v. Second*

12   *Jud. Dist. Ct. ex rel. Cnty. of Washoe*, 55 P.3d 420, 424 (Nev. 2002) (per curiam).  Judicial acts

13   include those that are "normally performed by a judge" where, "to the expectations of the parties,

14   . . . they dealt with the judge in his judicial capacity." *Stump*, 435 U.S. at 362.  Only actions

15   taken "in the clear absence of all jurisdiction," meaning a clear lack of all subject matter

16   jurisdiction, will not be protected by absolute immunity. *Id.* at 356-57.

17         Sullivan is entitled to absolute judicial immunity because the plaintiffs' claims are based

18   on her judicial acts of ruling in or presiding over Bristow's criminal case.  There is no basis to

19   conclude that Sullivan was acting in the clear absence of jurisdiction, even if the charges against

20   Bristow were based on faulty evidence.  I therefore grant Sullivan's motion to dismiss the claims

21   against her with prejudice,[1] and I deny the plaintiffs leave to include her as a defendant in the

22   amended complaint.

23
_____

[1] I therefore need not address Sullivan's argument that she was not properly served.

## VI.  FLANGAS AND FRIZZELL'S MOTION TO DISMISS (ECF No. 61)

Flangas and Frizzell contend that they were not properly served because service by certified mail is insufficient.  The plaintiffs respond that they served Flangas and Frizzell by certified mail and a process server.  They contend these defendants' secretary gave the process server a hard time and they are evading service.

Although Flangas and Frizzell's motion states that the only attempt at service was by certified mail, the plaintiffs also tried to serve these defendants through a process server, who left the summons and complaint with their legal secretary, Peggy Glover, and their legal assistant, Olyesya Frolova. ECF Nos. 27-1; 27-5.  However, it does not appear that service on Flangas or Frizzell was properly accomplished under Federal Rule of Civil Procedure 4(e) because service was not made on them personally, it was not left at their dwelling or usual place of abode with a person of suitable age and discretion who resides there, and there is no evidence that Glover or Frolova is an agent authorized by appointment or law to receive process on Flangas or Frizzell's behalf. *See* Fed. R. Civ. P. 4(e)(2).  Nor is there evidence that these defendants were properly served under Nevada law. *See* Fed. R. Civ. P. 4(e)(1); Nev. R. Civ. P. 4.2(a), (d).  I therefore grant the motion to dismiss, but I give the plaintiffs additional time to properly serve Flangas and Frizzell with a summons, the exact version of the signed complaint with all exhibits that is filed at ECF No. 1, and the amended complaint, as explained above with respect to Reich.

## VII.  UNSERVED DEFENDANTS

On October 18, 2022, I issued an order to show cause why the plaintiffs' claims should not be dismissed as to all defendants because the plaintiffs had not filed proof of serving any of them. ECF No. 20.  I advised the plaintiffs that "failure to show cause will result in dismissal of this lawsuit without prejudice." *Id.* at 2.  The plaintiffs thereafter filed proof of service (or

1  attempted service) as to Sanchez, Reich, Flangas, Frizzell, Barker, Sullivan, and Wildeveld. ECF

2  Nos. 27; 30; 30-1.  Wildeveld and McCamis filed an answer, as has Sanchez. ECF Nos. 31; 42.

3          The plaintiffs have not shown any attempted service on defendants Sutton, Sitsis, Denue,

4  or Clark County after my order, and none of those defendants has appeared in this case.  The

5  plaintiffs have had ample opportunity to serve them but have not done so.  I therefore dismiss the

6  plaintiffs' claims against these defendants without prejudice for failure to timely serve under

7  Federal Rule of Civil Procedure 4(m).

8  **VIII.  CONCLUSION**

9          I THEREFORE ORDER that the motion to strike **(EF No. 60) is DENIED**.

10         I FURTHER ORDER that defendant Julia Barker's motion to dismiss **(ECF No. 34) is**

11 **GRANTED**, with leave to amend.

12         I FURTHER ORDER that defendant Connor Reich's motion to dismiss **(ECF No. 36) is**

13 **GRANTED**, with leave to amend.

14         I FURTHER ORDER that defendant Diana Sullivan's motion to dismiss **(ECF No. 49) is**

15 **GRANTED**.  The plaintiffs' claims against Sullivan are dismissed with prejudice.

16         I FURTHER ORDER that defendants Leo Flangas and Kenneth Frizzell, III's motion to

17 dismiss **(ECF No. 61) is GRANTED**, with leave to amend.

18         I FURTHER ORDER that the plaintiffs must file an amended complaint correcting the

19 deficiencies identified in this order by June 13, 2023, if facts exist to do so.  Failure to file an

20 amended complaint by that date will result in dismissal of the complaint without prejudice for

21 lack of subject matter jurisdiction as to all defendants.

22 / / / /

23 / / / /

I FURTHER ORDER that the plaintiffs have until July 5, 2023 to properly serve defendants Connor Reich, Leo Flangas, and Kenneth Frizzell with a summons, the exact version of the signed complaint with all exhibits that is filed at ECF No. 1, and the amended complaint.

I FURTHER ORDER that the plaintiffs' claims against defendants police officer Sutton, Katherine Sitsis, Gregory Denue, and Clark County are dismissed without prejudice for failure to timely serve them.

DATED THIS 23rd day of May, 2023.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE