UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| JAMES BRISTOW and LATEEFA STARKS,<br><br>Plaintiffs,<br><br>v.<br><br>YUDEL OMAR SANCHEZ, LVMPD Officer<br>D. SUTTON P#15313; LVMPD DETECTIVE<br>C. REICH P#9357; CLARK COUNTY,<br>KRISTINA WILDEVELD, Esq., KENNETH<br>FRIZZELL, III, Esq., JULIA BARKER, Esq.,<br>KATHERINE SITSIS, Esq.; Hon. Justice of<br>the Peace DIANA L. SULLIVAN and<br>GREGORY DENUE, judge pro tem; DOES I<br>through X, inclusive and ROE Business<br>Entities I and X, inclusive,<br><br>Defendants. | Case No. 2:22-cv-01092-APG-EJY<br><br>**ORDER** |

Pending before the Court is Defendant Julia Barker's Motion to Stay Discovery (ECF No. 86) in which Conner Reich joins (ECF No. 90). The Court reviewed the responses and replies. Plaintiffs also filed a Motion for Proposed Discovery (ECF No. 91), which is opposed by Defendant Conner Reich (ECF No. 93) and Defendants Kristina Wildeveld and Caitlyn McAmis (ECF No. 98). In addition, there are two discovery plans and scheduling orders submitted by parties (ECF Nos. 85 and 91). All of this comes with the backdrop of numerous Motions to Dismiss or Motions to Strike Plaintiffs' Amended Complaint. ECF Nos. 73, 74, 76, 79, 82.

Generally, a dispositive motion does not warrant a stay of discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 601 (D. Nev. 2011). However, a court may limit discovery for good cause and continue to stay discovery when it is convinced that the plaintiff will be unable to state a claim for relief. *Wood v. McEwen*, 644 F.2d 797, 801 (9th Cir. 1981) (citing *B.R.S. Land Investors v. United States*, 596 F.2d 353 (9th Cir. 1978)). Under certain circumstances it is an abuse of discretion to deny discovery while a dispositive motion is pending (*Tradebay*, 278 F.R.D. at 602) and, for this reason, a party seeking a stay of discovery carries the heavy burden of making a strong showing why the discovery process should be halted. *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175

F.R.D. 554, 556 (D. Nev. 1997).  When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case.  *Buckwalter v. Nevada Bd. of Medical Examiners*, Case No. 2:10-cv-02034-KJD-GWF, 2011 WL 841391, at *1 (D. Nev. March 7, 2011).  In doing so, the court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery.  *Tradebay*, 278 F.R.D. at 602.  Moreover, the Court adopts a standard when reviewing the merits of the motion to dismiss that best effectuates Fed. R. Civ. P. 1 goals for the "just, speedy, and inexpensive" determination of actions.  *Id*. at 602-03.

After taking a preliminary peek at the pending Motions to Dismiss and or Strike, the oppositions, and the replies, the Court finds a stay of discovery is appropriate in this case.  It appears some of Plaintiffs' claims are barred as a matter of law (ECF Nos. 76, 79); others fail to state claims as required by U.S. Supreme Court precedent interpreting Federal Rule of Civil Procedure 8.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007).  ECF Nos. 74, 79.  Further, the Court's review of the pending dispositive motions demonstrates the arguments made do not require discovery to resolve.  In all, the Court finds it is, at best, unclear what claims will proceed, if any, what claims will be dismissed with prejudice, and whether the Court will permit Plaintiffs a third attempt to state claims.  Undertaking discovery in this litigation environment is contrary to the very essence of Rule 1 of the Federal Rules of Civil Procedure.

Accordingly, IT IS HEREBY ORDERED THAT:

1.      Defendant Julia Barker's Motion to Stay Discovery (ECF No. 86) is GRANTED;

2.      Defendants Kristina Wildeveld and Caitlyn McAmis' Proposed Independent Discovery Plan and Scheduling Order (ECF No. 85) is DENIED without prejudice; and

3.      Plaintiffs' Proposed Discovery Plan and Scheduling Order (ECF No. 91) is DENIED without prejudice.

IT IS FURTHER ORDERED that no later than twenty-one (21) days after the Court issues its order or orders resolving the pending Motions to Dismiss and or to Strike, the surviving parties are to submit a **joint** proposed discovery plan and scheduling order addressing those claims that

remain and may proceed, if any.  If no claims survive the outcome of the pending dispositive motion practice, the requirement to submit a discovery plan and scheduling order is automatically vacated.

Dated this 27th day of July, 2023.

ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE