UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JAMES BRISTOW and LATEEFA STARKS, | Case No. 2:22-cv-01092-APG-EJY |
| Plaintiffs, | |
| v. | **Order** |
| YUDEL OMAR SANCHEZ, et al., | [ECF Nos. 73, 74, 76, 79, 82] |
| Defendants. | |

Plaintiffs James Bristow and Lateefa Starks filed this lawsuit in relation to criminal charges Bristow faced after an altercation with defendant Yudel Omar Sanchez. They sue Sanchez; Las Vegas Metropolitan Police Department (LVMPD) detective Connor Reich, who investigated the incident; various attorneys who represented Bristow (Kristina Wildeveld, Caitlyn McAmis, Leo Flangas, and Kenneth Frizzell, III); and one of the prosecutors, Julia Barker. The plaintiffs' amended complaint is not clear, but it appears to assert claims for violations of due process, the right to travel, and the Second, Fourth, and Sixth Amendments under the U.S. and Nevada Constitutions. The amended complaint also appears to assert state law claims for malicious prosecution, defamation, intentional infliction of emotional distress, and breach of contract.

Defendants Wildeveld, McAmis, Barker, Flangas, Frizzell, and Reich move to dismiss on various grounds, including that the amended complaint does not comply with Federal Rule of Civil Procedure 8. I dismiss the amended complaint because it is not a short and plain statement of the plaintiffs' claims. I deny leave to amend because amending the federal claims would be futile, and I decline to exercise supplemental jurisdiction over the state law claims.

/ / / /

## I. DISCUSSION

I previously advised the plaintiffs that their amended complaint must contain "(1) a short and plain statement of the grounds for the court's jurisdiction," "(2) a short and plain statement of the claim showing that the pleader is entitled to relief," and "(3) a demand for the relief sought." ECF No. 67 at 4 (quoting Fed. R. Civ. P. 8(a)). I also told the plaintiffs that their amended complaint "should set forth the claims in short and plain terms, simply, concisely, and directly," so it "should not include lengthy discussion of matters that are not relevant to the plaintiffs' claims in this case." *Id.* at 4-5. Additionally, I cautioned the plaintiffs to "avoid run-on, stream-of-consciousness sentences." *Id.* at 5.

The plaintiffs did not follow my instructions. The amended complaint is 15 pages longer than the original complaint even though it drops some defendants. *Compare* ECF No. 1 *with* ECF No. 68. The two complaints' allegations are largely the same, although the plaintiffs attempted to cure some of the run-on sentences by placing periods in the middle of sentences, often leaving incomplete sentences instead. The amended complaint thus is pleaded in the same stream-of-consciousness manner, just with periods randomly interspersed. It also includes allegations that are irrelevant to the matters at issue, to the point that the plaintiffs themselves admit in the amended complaint that they digress. ECF No. 68 at 17, 20. The amended complaint is in some respects even more noncompliant than the original complaint, as it contains extraneous allegations about numerous nonparties, pages of argument rather than factual allegations, and a series of questions. *Id.* at 36-42. I therefore dismiss the amended complaint.

To determine whether to allow the plaintiffs another opportunity to amend, I consider "the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party and futility of the

proposed amendment." *Kroessler v. CVS Health Corp.*, 977 F.3d 803, 814-15 (9th Cir. 2020) (quotation omitted). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Id.* at 815 (quotation omitted).

I am not confident that the plaintiffs would comply with Rule 8 or my order if given another opportunity to amend. Despite my directions, the plaintiffs' amended complaint is even more problematic than the original one. The defendants would be prejudiced by continually having to respond to complaints filled with irrelevant, verbose, and argumentative allegations. But more importantly, amendment would be futile as to the federal claims and I decline to exercise supplemental jurisdiction over the state law claims.

To state a claim under § 1983, a plaintiff must plausibly allege (1) that the defendant violated a right secured by the Constitution or laws of the United States, and (2) that the defendant acted under the color of State law. *Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021). Barker and Reich do not dispute that they acted under color of law, but the plaintiffs' attempt at amendment demonstrates that the plaintiffs cannot plausibly state a federal claim against either of these defendants.

As to Barker, the plaintiffs allege that she stepped outside her prosecutorial role and acted as an investigator when she asked Sanchez for medical records. Even if true, the plaintiffs do not plausibly allege a causal connection between her investigatory acts and their injuries. Rather, the plaintiffs allege injury from Barker using those records to continue prosecuting Bristow and increasing the severity of the charge against him. *See, e.g.*, ECF No. 68 at 6, 8-9, 12, 15, 29, 30, 43, 48-49, 51. As I explained in my prior order, Barker has prosecutorial immunity for charging decisions. ECF No. 67 at 7. I therefore dismiss the § 1983 claims against Barker with prejudice.

As to Reich, the plaintiffs assert he lacked probable cause to swear out a declaration of arrest for Bristow and he failed to conduct an adequate investigation. However, the amended complaint does not plausibly allege Reich lacked probable cause or failed to conduct an adequate investigation to establish probable cause. "Probable cause exists when, at the time of arrest, the agents know reasonably trustworthy information sufficient to warrant a prudent person in believing that the accused had committed or was committing an offense." *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 924-25 (9th Cir. 2001) (quotation omitted). To establish probable cause, an officer "may not solely rely on the claim of a citizen witness that he was a victim of a crime, but must independently investigate the basis of the witness' knowledge or interview other witnesses." *Peng v. Mei Chin Penghu*, 335 F.3d 970, 978 (9th Cir. 2003) (quotation omitted). Once probable cause to arrest has been established, "a law enforcement officer is not required by the Constitution to investigate independently every claim of innocence." *Broam v. Bogan*, 320 F.3d 1023, 1032 (9th Cir. 2003) (quotation omitted).

According to the amended complaint, Reich interviewed Sanchez at the hospital and viewed videos of the incident that Sanchez provided. ECF No. 68 at 43, 46. Reich's declaration in support of a warrant or summons relied on statements by other officers who investigated the incident. ECF No. 88 at 29-30.[1] The officers interviewed Bristow. *Id.* at 29. They also interviewed Sanchez and his son while Sanchez was at the hospital where he was being treated for a hematoma to the back of his head. *Id.* at 30. The officers and Reich viewed videos of the incident that Sanchez and his son provided. *Id.* Under these facts, the amended complaint does

---

[1] I can consider Reich's affidavit of arrest without converting the defendants' motions to dismiss into ones for summary judgment even though it is not attached to the amended complaint because the plaintiffs' amended complaint relies on it and no one disputes its authenticity. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

not plausibly allege that Reich lacked probable cause to swear out a warrant for battery or that Reich failed to investigate to establish probable cause. The plaintiffs' dispute about who the officers should have believed and how they interpreted certain evidence does not plausibly allege that Reich lacked probable cause to swear out a warrant for Bristow for battery.

As to the remaining defendants, none acted under color of state law. There is no argument that Sanchez was acting under color of state law. The plaintiffs contend that the other defendants acted under color of law because they are officers of the court. But "a privately-retained attorney does not act under color of state law." *Briley v. California*, 564 F.2d 849, 855 (9th Cir. 1977). Each of the remaining defendants was privately retained to represent Bristow in the criminal proceedings. Thus, they were not acting under color of state law for purposes of § 1983. To the extent the plaintiffs contend these private actors conspired with state actors, there are no plausible, nonconclusory allegations of a conspiracy to violate the plaintiffs' constitutional rights.

The plaintiffs have not plausibly alleged a federal claim and amendment would be futile as to federal claims. I have supplemental jurisdiction over the state law claims.[2] 28 U.S.C. § 1367(a). However, I may decline to exercise supplemental jurisdiction over a state law claim if "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c). Should one of these factors be present, I consider whether continuing to

---

[2] As I explained previously, diversity jurisdiction does not exist in this case because the plaintiffs and at least some of the defendants are Nevada citizens. ECF No. 67 at 3.

5

exercise supplemental jurisdiction promotes economy, convenience, fairness, and comity. *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997). Whether to decline the exercise of supplemental jurisdiction under § 1367(c) lies within my discretion. *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008).

I decline to exercise supplemental jurisdiction over the plaintiffs' state law claims because I have dismissed the federal claims without leave to amend. The only remaining claims arise under state law. This case is in its early stages and comity weighs in favor of having state law claims adjudicated in a state court. I therefore dismiss the state law claims without prejudice to the plaintiffs pursuing them in state court.

## VIII. CONCLUSION

I THEREFORE ORDER that the motions to strike and dismiss **(ECF Nos. 73, 74, 76, 79, 82) are GRANTED in part**. I dismiss the plaintiffs' federal claims with prejudice. I dismiss the plaintiffs' state law claims without prejudice to the plaintiffs pursuing those claims in state court.

I FURTHER ORDER the clerk of court to enter judgment in favor of defendants Yudel Sanchez, C. Reich, Kristina Wildeveld, Caitlyn McAmis, Leo Flangas, Kenneth Frizzell, III, and Julia Barker against plaintiffs James Bristow and Lateefa Starks on the plaintiffs' federal claims, but the plaintiffs' state law claims are dismissed without prejudice to the plaintiffs pursuing those claims in state court.

I FURTHER ORDER the clerk of court to close this case.

DATED THIS 11th day of October, 2023.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE